## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Montez Lavell Wright, III,

Petitioner,

v.

Ryan Thornell,
Arizona Attorney General,

Respondents.

No. CV 24-00260 PHX KML (CDB)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE KRISSA M. LANHAM**:

Petitioner Montez Wright seeks federal habeas relief from his state court convictions pursuant to 28 U.S.C. § 2254. The matter was referred for preparation of a Report and Recommendation, and is now ready for the Court's review.

### I.    Background

The Arizona Court of Appeals summarized Wright's state criminal proceedings and the evidence presented at his trial as follows:

> In early 2016, Wright met Andrew Lauro while they were working for a landscaping company. Because of money problems, Wright and Lauro developed a plan to burglarize a house in the retirement community where their employer had them doing landscaping work.
>
> On Sunday, the day before the burglary, Wright and his then-wife, Tichinia Shephard, met with Lauro and finalized a plan to commit a burglary the next day. The plan was to drive around on Monday morning until they selected a house with an open garage door. According to their plan, Wright and Lauro would enter the house, and Wright would hold the

victims at gunpoint while Lauro tied them up. Shephard was to drive the getaway car.

Later on Sunday, Shephard created a "Stripe" account. A Stripe account can be used for companies to move money around to different bank accounts. Shephard's Stripe account, purportedly for a wig business, was registered using Shephard's phone, and was linked to her email address. The Stripe account was subsequently linked to two bank accounts, one belonging to Shephard and one belonging to Wright.

On Monday morning, when Wright and Lauro were scheduled to work, Wright, Lauro, and Shephard drove around the retirement community to search for houses to rob. They identified a house with an open garage door. A homeowner, A.D., saw the three park near his house, watched Wright and Lauro put on their work vests, and approach his open garage door. A.D. closed his garage door and called the police.

The three left and within minutes, came across another open garage door at B.L.'s home a few blocks away. Wright and Lauro went into the house through the garage. Shephard stayed in the car.

When Wright and Lauro entered the house, B.L.'s friend, R.S., was reading a newspaper. Wright told her "it's a stick up." Wright then shot her. Hearing the disturbance, B.L. came out of a bedroom, and Wright also shot her. Wright then shot R.S. a second time as she was about to use her cell phone. Both victims died.

Wright and Lauro stole the victims' purses and fled in B.L.'s SUV. They met Shephard at a nearby church. Wright realized he had dropped his cell phone at B.L.'s home, and he returned to retrieve it but was unable to do so. Wright abandoned B.L.'s SUV in Avondale. Later, Wright and Shephard made several transactions using the victims' credit cards with the Stripe account they had created the day before.

The next day, police went to B.L.'s home for a welfare check and discovered the victims. Police found Wright's cell phone and recovered his DNA from it. Police soon located B.L.'s stolen SUV and found Wright's DNA on the steering wheel. B.L.'s iPad was inside her vehicle, and Wright's DNA was on it as well. Using cell phone records for Wright and Shephard, police established they were in the immediate area of B.L.'s home before and after the murders.

The State charged Wright with two counts of first-degree murder, [footnote 1: Shephard was jointly prosecuted with Wright. In Shephard's case counts 1 and 2 were charges for felony murder based on accomplice liability. *See* A.R.S. §§ 13-1105.A.2, 13-301.] one count of first-degree burglary, one count of theft of means of transportation, one count of attempted first-degree burglary, one count of fraudulent schemes and artifices, one count of attempted fraudulent schemes and artifices, one

count of aggravated taking identity of another, one count of computer tampering, and two counts of theft of credit card.

Lauro pled guilty to felony murder. [footnote 2: Lauro entered a "free talk" agreement with the prosecution in which he agreed to testify against Wright and Shephard for a lesser sentence.] Wright and Shephard went to trial. Under the terms of his plea deal, Lauro testified against Wright and Shephard and received a life sentence with the possibility of parole on the murder.[1] After a 12-day trial, the jury convicted Wright and Shephard as charged.

The superior court sentenced Wright to serve the sentence for the first, first-degree murder conviction concurrently with the sentences for first-degree burglary, theft of means of transportation, and attempted first-degree burglary, for which Wright was given 1,160 days presentence incarceration credit (Counts 1, 3, 4, and 5). The longest sentence in this group is natural life in prison on the first count of first-degree murder.

The superior court sentenced Wright to serve the sentence for the second, first-degree murder conviction concurrently with the sentences for fraudulent schemes and artifices, attempted fraudulent schemes and artifices, aggravated taking identity of another, computer tampering, and two counts of theft of credit card but consecutively to the sentences on Counts 1, 3, 4, and 5. The longest sentence in this group is natural life in prison on the second count of first-degree murder.

*State v. Wright*, 2020 WL 2768989, at \*1-2 (Ariz. Ct. App. May 28, 2020).

Wright appealed, alleging the trial court erred by admitting evidence of Wright's other acts, citing Rule 404(b) of the Arizona Rules of Evidence, and also asserting the trial court erred by denying his motion for judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure for want of sufficient evidence. *Id.* at \*2-5. The appellate court denied relief on the merits and Wright did not seek review by the Arizona Supreme Court. (ECF No. 13-2 at 2).

---

[1] In Wright's counsel's notice of completion in Wright's state post-conviction action, counsel detailed additional trial evidence as follows: Wright testified at his trial, denying any involvement in the incident and he denied being involved in any criminal activity other than attempting to cash a check (for approximately $35,000) he said Lauro had stolen and given to him, and he testified that Lauro gave Wright the victim's credit cards to repay "gas money" owed to Wright and he only later found out the credit cards belonged to murder victims. (ECF No. 13-2 at 34-37). Wright testified he was able to "successfully transfer" about $6000 from the credit cards to his own accounts. (ECF No. 13-2 at 36).

Wright filed a petition for state post-conviction relief on August 3, 2020. (ECF No. 13-2 at 14-18). Wright was appointed post-conviction counsel. On July 1, 2021, post-conviction counsel averred they had conferred with Wright and examined the record and could find no meritorious issues to raise on Wright's behalf. (ECF No. 13-2 at 43). Wright filed a pro se petition on September 28, 2021, raising claims of ineffective assistance of trial counsel, "prosecutorial misconduct," perjured testimony, and a *Brady* claim contending the state suppressed exculpatory evidence. (ECF No. 13-2 at 46-80). The State responded that Wright's claim of prosecutorial misconduct and his *Brady* claim were precluded for his failure to raise the claims on appeal, and further argued Wright's ineffective assistance of trial counsel claims were without merit. (ECF No. 13-3 at 2-29).

The state habeas trial court summarily dismissed Wright's post-conviction petition on January 18, 2023, concluding Wright failed to establish his counsel's performance was unconstitutionally deficient or that he was prejudiced by his counsel's performance, and that Wright's other claims were precluded pursuant to Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure for Wright's failure to raise the claims on appeal. (ECF No. 13-3 at 43-49).

There is no indication in the record that Wright appealed the state habeas trial court's denial of relief in his first state post-conviction action.

On March 17, 2023, Wright filed a pleading deemed a second petition for state post-conviction relief. (ECF No. 13-3 at 69, 71-75). Wright asserted his Sixth Amendment right to a fair trial was violated because "falsified" evidence was presented to the jury and the prosecutor committed misconduct in closing argument. (ECF No. 13-3 at 72-75, 99). The state habeas trial court dismissed the petition on June 16, 2023, finding the petition was a second, successive petition, and concluding Wright's claims were precluded pursuant to Rule 32.2(a) of the Arizona Rules of Criminal Procedure. (ECF No. 13-3 at 98-99) ("In sum, Defendant has failed to state a claim for which relief can be granted in a successive Rule 32 proceeding. Defendant must assert substantive claims and adequately explain the reasons for their untimely assertion. Ariz. R. Crim. P. 32.2(b). He

- 4 -

has failed to meet this standard."). The state habeas trial court also noted the Arizona Court of Appeals previously found the evidence was sufficient to support the jury's verdict. (ECF No. 13-3 at 99).

On June 30, 2023, Wright filed a third state post-conviction action. (ECF No. 13-3 at 101-03). On August 16, 2023, the state habeas trial court dismissed the action, finding the petition successive, the claims precluded, and also determining Wright's claims did not fall within the parameters of Arizona Rule of Criminal Procedure 32.4(b)(3)(D).[2] (ECF No. 13-3 at 108-10). The court also found Wright had not stated a colorable claim of actual innocence. (ECF No. 13-3 at 110).

Wright appealed (ECF No. 13-3 at 118-24), and the Arizona Court of Appeals found and concluded:

> On review, Wright contends the prosecutor improperly argued in closing that cell phone records placed Wright at the scene of the murders. He further contends trial counsel performed ineffectively by failing to object to the argument and appellate counsel performed ineffectively by failing to raise the issue on appeal.
>
> The trial court correctly found Wright's prosecutorial misconduct claim precluded because he either had raised or could have raised it in a previous post-conviction proceeding. *See* Ariz. R. Crim. P. 32.2(a)(2), (3).[3] Wright's ineffective assistance of appellate counsel claim is similarly precluded because he could have raised it in his previous post-conviction proceedings but failed to do so. *See* Ariz. R. Crim. P. 32.2(a)(3); *State v. Swoopes*, 216 Ariz. 390, ¶ 25 (App. 2007) (successive ineffective assistance claims deemed waived and precluded not only when previously raised but also when they could have been raised in prior Rule 32 proceeding). …

---

[2] Subpart (3)(A) of rule 32.4(b) provides a defendant must file a notice for a claim under Rule 32.1(a) within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate in the direct appeal, whichever is later. Rule 32.4(b)(3)(D), regarding "Excusing an Untimely Notice," provides the "court must excuse an untimely notice requesting post-conviction relief filed under subpart (3)(A) if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault."

[3] Under Arizona Rule of Criminal Procedure 32.2(a)(3), a defendant is precluded from relief on any constitutional claim "waived in any previous post-conviction proceeding, except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Unless it falls within this exception, a claim is waived if "the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449 (2002) (citation omitted).

(ECF No. 13-3 at 134-35). *See also State v. Wright*, 2024 WL 126923, at \*1 (Ariz. Ct. App. Jan. 11, 2024).

## II. Claims for Relief

In his § 2254 petition Wright contends he is entitled to habeas relief because:

1. The prosecutor committed misconduct by showing the jury a cell phone tower map not admitted into evidence; lying during closing arguments; and calling Wright a liar.

2. The State violated the doctrine of *Brady v. Maryland* by not producing exculpatory evidence, i.e., a cell phone tower site map showing an incoming call at 4:45 a.m.

3. Wright's trial counsel was ineffective for failing to object to a false phone and tower map and failing to obtain a cell phone expert, and his appellate counsel was ineffective for failing to locate the false phone tower map.

4. The State presented perjured testimony, i.e., a witness testified about Wright's presence in the victim's home.

Respondent asserts Wright's claims are all procedurally defaulted "because he has either (1) failed to fully exhaust in state court the specific claims he raises now or (2) the state court applied an express bar to preclude him from fully raising the claim." (ECF No. 13 at 12).

## III. Analysis

### A. Rules governing exhaustion and procedural default

Absent specific circumstances, the Court may only grant federal habeas relief on a claim which has been "properly" exhausted in the state courts. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a "procedurally correct" manner. *E.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005). In non-capital cases arising in Arizona, the "highest court" test is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals in their direct

appeal or in a properly-filed state action for post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Date v. Schriro*, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008).

To fairly present a claim in the state courts, thereby exhausting the claim, the petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a statement of the facts supporting the claim. *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009); *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007). Full and fair presentation also requires a petitioner to reference, in the state court, the same operative federal constitutional guarantee relied on by the petitioner in his § 2254 petition. *See Walden v. Shinn*, 990 F.3d 1183, 1195 (9th Cir. 2021); *Scott*, 567 F.3d at 582.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. *See*, *e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. *Id.* at 92.

> [The federal courts] recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

*Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Pursuant to this doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a

state court declined to hear because the prisoner failed to abide by a state procedural rule," such as the Arizona state procedural rules regarding waiver and the preclusion of claims. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). The doctrine bars a federal court from considering the merits of a habeas claim when the state court explicitly invoked a state procedural rule to bar the claim, even if the state court does so as a separate basis for its decision. *See Williams v. Filson*, 908 F.3d 546, 579 (9th Cir. 2018), *citing Moran v. McDaniel*, 80 F.3d 1261, 1269 (9th Cir. 1996). Additionally, an implied procedural bar may be applied to unexhausted claims where a state's procedural rules regarding waiver and the preclusion of claims make a return to state court futile. *Coleman*, 501 U.S. at 735 n.1; *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

"[A] state court's application of a procedural rule can preclude federal habeas review only if the rule is independent of federal law and adequate to support the judgment." *Williams*, 908 F.3d at 577. *See also Coleman*, 501 U.S. at 728. To be "independent," "the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). To preclude federal habeas review of a claim, the state procedural rule must also be "firmly established and consistently followed." *Martinez*, 566 U.S. at 9. A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." *Scott*, 567 F.3d at 580, *citing Dugger v. Adams*, 489 U.S. 401, 417 n.6 (1989). The federal courts have repeatedly determined Arizona's rules regarding waiver and the preclusion of claims are independent and adequate bases for denying relief, and firmly established and consistently followed. *Stewart v. Smith*, 536 U.S. 856, 859-60 (2002); *Hurles*, 752 F.3d at 780; *May v. Ryan*, 807 F. App'x 632, 636 (9th Cir. 2020); *Cotham v. Shinn*, 2022 WL 20595113, at *4 (D. Ariz. May 2, 2022).

If a prisoner has procedurally defaulted a claim in the state courts, review of the merits of the claim is barred absent a showing of both cause and prejudice. *E.g.*, *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000). Under the "cause" prong of this test, the

petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. *See Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Martinez–Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996). Examples of cause sufficient to excuse a procedural default include a showing that the factual or legal basis for a claim was not reasonably available, or that "some interference by officials" made compliance with the state's procedural rules impracticable. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice a habeas petitioner must show the alleged error "worked to his actual and substantial disadvantage, infecting his entire [criminal proceedings] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). *See also Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). It is the petitioner's burden to establish both cause and prejudice with regard to their procedural default of a federal habeas claim in the state courts. *See Djerf v. Ryan*, 931 F.3d 870, 880 (9th Cir. 2019).

Petitioners who default federal habeas claims may also obtain review if they show a failure to consider the claims would result in a fundamental miscarriage of justice. *See*, *e.g.*, *Bradford v. Davis*, 923 F.3d 599, 610 (9th Cir. 2019). A petitioner meets the "fundamental miscarriage of justice" exception only by establishing that under the probative evidence they have a colorable claim of factual, rather than legal, innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that "actual innocence means factual innocence, not mere legal insufficiency"); *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008). Because the required showing is one of factual innocence, to surmount a procedural default the petitioner must present "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial.'" *Cook*, 538 F.3d at 1028, *quoting Schlup v. Delo*, 513 U.S. 298, 324 (1995). *See also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011).

**B.    Application of rules regarding procedural default to Wright's claims**

On appeal, Wright alleged the trial court erred by admitting evidence of Wright's other acts, citing Rule 404(b) of the Arizona Rules of Evidence, and also that the trial court erred by denying his motion for judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure, for want of sufficient evidence. Accordingly, these are the only claims properly exhausted in Wright's appeal.

In his first state post-conviction action Wright alleged claims of ineffective assistance of trial counsel, "prosecutorial misconduct," perjured testimony, and a *Brady* claim. (ECF No. 13-2 at 46-80).  None of these claims were properly exhausted because after the state habeas trial court denied relief Wright did not present the claims to the state's "highest court," i.e., the Arizona Court of Appeals.

All of the claims raised in Wright's subsequent, successive state post-conviction actions were deemed procedurally defaulted as waived and therefore precluded. The state procedural rules applied by the state courts to the claims raised in Wright's successive state post-conviction actions, i.e., those regarding the waiver and preclusion of claims, are independent of federal law, firmly established, and regularly followed. *See, e.g., Stewart*, 536 U.S. at 860; *Murray v. Schriro*, 745 F.3d 984, 1016 (9th Cir. 2014). The rules cited by the state habeas trial court and the Arizona Court of Appeals are an independent and adequate basis for denying relief on a claim procedurally defaulted in the state court and presented in a § 2254 petition. *See Stewart*, 536 U.S. at 859-60; *Martinez v. Ryan*, 926 F.3d 1215, 1225 (9th Cir. 2019).

**C.    Wright's Claims for Relief**

**1.    Prosecutorial misconduct**

Wright contends the prosecutor engaged in misconduct by showing the jury a cell phone tower map which was not admitted into evidence, by lying during closing arguments, and by calling Wright a liar. Although Wright asserted claims of prosecutorial misconduct in his state post-conviction actions, the claims were found waived and relief precluded for Wright's failure to raise the claims on appeal. Accordingly, the claims were

found procedurally defaulted per Arizona's rules regarding waiver and preclusion. Additionally, although Wright raised claims of prosecutorial misconduct in his first state action for post-conviction relief, he did not bring these claims to the Arizona Court of Appeals. When Wright did raise claims of prosecutorial misconduct in his third state action for post-conviction relief the Arizona affirmed the state habeas trial court's determination that the claims were precluded by Wright's failure to raise the claims on appeal.

Because any claims alleging prosecutorial misconduct were procedurally defaulted in the state courts, relief is barred unless Wright establishes cause for and prejudice arising from his procedural default of the claims, or that a fundamental miscarriage of justice will occur absent consideration of the claim. In his reply in support of his petition Wright asserts he did not raise his federal habeas claims on appeal due to ineffective assistance of both his trial counsel (who failed to object "when the State presented a 'False Phone Tower Ping' during trial at closing argument") and his appellate counsel, who he alleges "did not and with reasonable diligence could not have discovered the factual predicate for the claim at the time of the alleged procedural default." (ECF No. 14 at 2). Even if Wright could establish cause for his procedural default of any procedural misconduct claims, he fails to establish prejudice, i.e., that the alleged errors worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with error of constitutional dimensions. Given the overwhelming evidence against him, including the testimony of Lauro and the forensic evidence, and the jury's apparent disbelief of Wright's own testimony, Wright fails to establish prejudice arising from alleged acts of prosecutorial misconduct. Nor has Wright established a fundamental miscarriage of justice will occur absent consideration of the merits of these claims because he does not present a plausible case of his actual, factual innocence of the crimes of conviction.

## 2. *Brady* claim

Wright asserts the State violated the doctrine of *Brady v. Maryland* by not producing exculpatory evidence, i.e., a cell phone tower site map showing an incoming call at 4:45 a.m.

Wright raised this claim in his first state post-conviction action, and the state habeas trial court found the claim procedurally defaulted for Wright's failure to raise the claim on appeal. Thus the state court found the claim waived and relief precluded pursuant to Arizona's procedural rules, which have been found an adequate basis for procedural default of federal habeas claims. Additionally, Wright did not fully exhaust this claim by presenting this claim to the Arizona Court of Appeals in a petition for review of the state habeas trial court's denial of relief and the claims is also procedurally defaulted on this basis. In his reply in support of his habeas petition Wright only discusses cause and prejudice with regard to his first claim for federal habeas relief and, accordingly, he does not establish cause for or prejudice arising from his procedural default of his *Brady* claim. Furthermore, to the extent Wright's reply can be construed as asserting cause for his procedural default of this claim, Wright again fails to establish any prejudice arising from his procedural default of the claim because, due to the weight of the other evidence against him, it is not probable that the introduction of this purportedly improperly excluded *Brady* evidence would have resulted in a different verdict.

## 3. Ineffective assistance of counsel

Wright alleges his trial counsel was ineffective for failing to object to a false cell phone tower map, and failing to obtain a cell phone expert. He also asserts his appellate counsel was ineffective for failing to locate the false phone tower map.

Wright procedurally defaulted his ineffective assistance of trial and appellate counsel claims by failing to present them to the Arizona Court of Appeals, the state's "highest court," in his first state post-conviction action. Wright fails to establish cause for his procedural default of these claims as he presents no argument as to why he did not seek review of the state habeas trial court's dismissal of his claims in the Arizona Court

of Appeals. Additionally, Wright has not demonstrated prejudice arising from these errors, nor has he persuasively presented evidence of his actual, factual innocence of the crimes of conviction.

### 4. Perjured testimony

Wright alleges the State presented perjured testimony, i.e., that with the prosecution's knowledge a witness testified falsely about Wright's presence in the victim's home. Wright raised this claim in his first state action for post-conviction relief, and the state habeas trial court found the claim waived and relief precluded due to Wright's failure to raise the claim on appeal. Wright did not seek review of this decision by the Arizona Court of Appeals and, therefore, the claim is procedurally defaulted, based on both the state trial court's finding of procedural default and because Wright did not present the claim to the Arizona Court of Appeals in a procedurally correct manner. As with his other claims, Wright fails to establish cause for or prejudice arising from his procedural default of this claim, and Wright has not shown that a fundamental miscarriage of justice will occur absent consideration of the merits of the claim.

### IV. Conclusion

Wright's federal habeas claims were procedurally defaulted in the state courts. Wright fails to establish cause for, or prejudice arising from, his procedural default of his claims, or that a fundamental miscarriage of justice will occur absent consideration of the merits of the claims.

Accordingly,

**IT IS RECOMMENDED that** the petition seeking a federal writ of habeas corpus at ECF No. 1 be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. The undersigned recommends that, should the Report and Recommendation be adopted and, should Smith seek a certificate of appealability, a certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right.

Dated this 13th day of August, 2024.

Camille D. Bibles
United States Magistrate Judge