**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Montez Lavell Wright, III, <br><br> Petitioner, <br><br> v. <br><br> Attorney General of the State of Arizona, et al., <br><br> Respondents. | No. CV-24-00260-PHX-KML <br><br> **ORDER** |

    Petitioner Montez Lavell Wright, III, was convicted in state court of two counts of first-degree murder and numerous other crimes. Wright was sentenced to natural life on one of the murder counts and additional terms of imprisonment on the other counts. After an unsuccessful direct appeal and petition for post-conviction relief, Wright filed a federal petition for writ of habeas corpus. Magistrate Judge Camille D. Bibles issues a Report and Recommendation ("R&R") recommending the petition be denied because all of Wright's claims are procedurally defaulted. (Doc. 16.) Wright filed objections.

    A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]e novo review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

The R&R labels Wright's claims as "prosecutorial misconduct," "*Brady* claim," "ineffective assistance of counsel," and "perjured testimony." (Doc. 16 at 10-13.) The R&R reasons all four of these claims are procedurally defaulted because Wright failed to raise the claim on direct appeal or, for those claims Wright properly raised in a petition for post-conviction relief, because he did not seek review of the trial court's order denying relief. The R&R also concludes Wright has not established "cause and prejudice" to excuse his procedural default.

Wright's objections do not dispute he failed to properly raise his claims in state court. Instead, Wright argues "cause and prejudice exist and should excuse [the procedural default] of all claims presented." (Doc. 17 at 1.) Wright's objections do not identify facts sufficient to meet the "cause and prejudice" standard.

"A procedural default may be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Rodney v. Garrett*, 116 F.4th 947, 954 (9th Cir. 2024) (quotation marks and citation omitted). "Cause" requires a petitioner "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Id.* "Prejudice" requires the petitioner "establish not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (quotation marks and citation omitted).

In his objections Wright does not point to any "factor external to the defense" that might be sufficient to satisfy the "cause" standard.[1] Nor, independently, do the objections make the requisite showing of "prejudice." Instead, the objections reargue issues addressed by the R&R without identifying why the R&R's analysis is wrong.

---

[1] Although not mentioned by the parties or in the R&R, Wright's ineffective assistance of counsel claim might be subject to the exception recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* provided "ineffective assistance of state postconviction counsel may constitute 'cause' to forgive procedural default of a trial-ineffective-assistance claim." *Shinn v. Ramirez*, 596 U.S. 366, 380 (2022). But here, Wright's claim of ineffective assistance of trial counsel is not "substantial," meaning he cannot take advantage of *Martinez*. *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019), *rev'd on other grounds sub nom. Shinn v. Ramirez*, 596 U.S. 366 (2022).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED**. The petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment in favor of Respondents and close this case.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 2nd day of January, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge